UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL JAMES,

    Plaintiff,

                        CASE NO. 2:12-CV-10569
                        JUDGE SEAN F. COX
                        MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

CITY OF DETROIT and
BRYAN BUSH,

    Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF JAMES'S AUGUST 3, 2012 MOTION (Doc. Ent. 21) and NOTICE THAT
HEARING SCHEDULED FOR SEPTEMBER 28, 2012 (Doc. Ent. 26) IS CANCELLED**

**I.**     **RECOMMENDATION:** The Court should grant plaintiff James's August 3, 2012 motion (Doc. Ent. 21), enter a default as to liability against the City of Detroit as a sanction for its failure to cooperate in discovery pursuant to Fed. R. Civ. P. 37(b)(2)(A), and set the case for hearing as to damages.

Furthermore, this report and recommendation serves as notice that the hearing scheduled for September 28, 2012 (Doc. Ent. 26) is cancelled.

**II.**     **REPORT:**

**A.**     **Plaintiff's Complaint**

On February 9, 2012, Nathaniel James filed the instant lawsuit against the City of Detroit, and perhaps against B. Bush and John Doe, too. Doc. Ent. 1 ¶¶ 1-3.[1] The facts

---

[1] The caption of the complaint lists only the City of Detroit as a defendant. *See* Fed. R. Civ. P. 10(a) ("Caption; Names of Parties.").

underlying the complaint stem from the alleged events of January 18, 2011. Doc. Ent. 1 ¶¶ 8-24. The two causes of action include (I) violations of 42 U.S.C. § 1983 and (II) violations of the Constitution of the State of Michigan. Doc. Ent. 1 ¶¶ 25-29, 30-37.

Defendant City of Detroit filed an answer to the complaint on February 25, 2012. Doc. Ent. 5.

**B.     Court Orders Preceding the Instant Motion**

On April 13, 2012, Judge Cox entered a stipulation and order compelling discovery, whereby "[d]efendants w[ere] [to] provide Plaintiff with responses to [the] First Discovery requests on or before Wednesday, May 16, 2012." Doc. Ent. 7.

On April 30, 2012, Judge Cox conducted a scheduling conference. Thereafter, on May 7, 2012, Judge Cox entered a scheduling order providing in part that discovery was due by October 30, 2012 and setting the motion cut-off for December 3, 2012. Doc. Ent. 8.

On June 25, 2012, I entered an order (Doc. Ent. 15) granting as unopposed plaintiff James's May 18, 2012 motion to compel (Doc. Ent. 9) and cancelling hearing noticed for June 29, 2012 (Doc. Ent. 12). My order provided that "[w]ithin fourteen (14) days of the date of th[e] order, defendant(s) [were to] (1) serve plaintiff with responses to the First Discovery requests and (2) produce Officer Bush for deposition." Doc. Ent. 15 at 3. It also provided plaintiff leave to file a motion for sanctions if defendant(s) failed to comply with my order. Doc. Ent. 15 at 4.

**C.     The Instant Motion**

On August 3, 2012, plaintiff James filed a motion (Doc. Ent. 21) wherein he requests that the Court "sanction Defendants for their failure to provide the discovery as repeatedly ordered by the court, including entry of default," or "impose any other relief available under the

Federal Rules of Civil Procedure and accompanying case law." Doc. Ent. 21 at 3.

Judge Cox has referred this motion to me for hearing and determination. Doc. Ent. 23.[2] A hearing on this motion was originally noticed for September 27, 2012 (Doc. Ent. 25); however, it was renoticed for September 28, 2012 (Doc. Ent. 26).

**D.     Discussion**

**1.     In part, plaintiff's August 3, 2012 motion (Doc. Ent. 21) states that Bush was not produced for deposition and takes issue with the adequacy of defendant's July 23, 2012 responses (Doc. Ent. 21-1) to plaintiff's first discovery requests.**

According to plaintiff, "[d]espite repeated requests, Defendant failed to produce Bush or produce any discovery in this case." Doc. Ent. 21 ¶ 13. Then, plaintiff explains, "after ignoring two court orders, Defendant provided a limited response to Plaintiff's first discovery; however, Defendant objected to most of the discovery requests and refused to provide much of the discovery requested." Doc. Ent. 21 ¶ 14. In other words, plaintiff maintains, "[d]espite ignoring two prior orders, Defendant finally provided limited discovery responses on July 23, 2012. Defendant objected to most of the discovery requests." Doc. Ent. 21 at 6.

Attached to the motion are defendant's July 23, 2012 answers to plaintiff's first set of interrogatories and first request to produce documents and things (Doc. Ent. 21-1 at 1-13 [Nos. 1-32]), as well as copies of several documents (Doc. Ent. 21-1 at 14-39).[3] Defendant registered

---

[2]However, because the motion seeks entry of a default as to defendant City of Detroit, my opinion is offered in the form of a report and recommendation.

[3]The attachments include a DPD Arrest Report dated January 18, 2011 (Doc. Ent. 21-1 at 14), a 24 Hour Information Sheet dated January 18, 2011 (Doc. Ent. 21-1 at 15), a DPD Activity Log dated January 18, 2011 (Doc. Ent. 21-1 at 16-18), disciplinary history on Whitten (Gray), McKinney, Bush and Gensler (Doc. Ent. 21-1 at 19); citizen complaint reports (Doc. Ent. 21-1 at 20-25 [Whitten], 26-28 [McKinney], 29-33 [Bush], 34-37 [Gensler]), and a DPD Daily Detail - Investigative Only dated January 18, 2011 (Doc. Ent. 21-1 at 38-39).

objections to several of these requests.  *See*, *i.e.*, Answers to Request Nos. 8, 9, 15, 17, 18, 19, 20, 21, 22, 25, 29, 31 and 32 (Doc. Ent. 21-1 at 1-13).  Also, it appears defendant City of Detroit did not provide an answer Request No. 26.  *See* Doc. Ent. 21-1 at 11.

Specifically, plaintiff takes the following positions with respect to defendant's July 23, 2012 answers:

| | |
|---|---|
| **Req. 5:** | **General orders, special orders: Defendant failed to produce any.** |
| Plaintiff's Position: | Plaintiff is entitled to the orders to show custom, policy and practice. |
| **Req. 6:** | **Misconduct Reports, Citizen Complaints: Defendant produced a summary of the disciplinary history, and a listing of citizen complaints, but provided no other records.** |
| Plaintiff's Position: | Plaintiff is entitled to see misconduct and citizen complaint files related to the officers involved in this wrongful action. |
| **Req. 8:** | **Training records: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to training records to show custom, policy and practice, failure to train. |
| **Req. 9:** | **Records of Raids, searches and seizures by Defendant's officers:  Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice, related to unlawful conduct in other raids, searches and seizures. |
| **Req. 15:** | **Prior arrests of Plaintiff: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records which could be used for impeachment of Plaintff. |
| **Req. 17:** | **Defendants' Personnel files: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice, related to failure to train, supervise or discipline. |
| **Req. 18:** | **Other lawsuits: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice. |
| **Req. 19:** | **Citizen Complaints: Defendant objected and refused to produce any records.** |

|  |  |
|---|---|
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice, related to failure to train, supervise or discipline. |
| **Req. 20:** | **Persons involved in citizen complaints: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice, related to wrongful raids, search and seizure. |
| **Req. 21:** | **Photos of Officers involved: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to identify specific individuals as defendants. |
| **Req. 22:** | **All records related to Plaintiff: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to show actions by Defendants as well as related to possible impeachment of Plaintiff. |
| **Req. 29:** | **Investigations of Raids: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice, related to failure to supervise, train and discipline. |
| **Req. 30:** | **DPD Rules and Regulations: Defendant objected and refused to produce any records.**[4] |
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice. |
| **Req. 31:** | **Citizen complaints re. raids: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice, related to failure to supervise, train and discipline. |
| **Req. 32:** | **Lawsuits re. Narc units: Defendant objected and refused to produce any records.** |
| Plaintiff's Position: | Plaintiff is entitled to records to show custom, policy and practice, related to failure to supervise, train and discipline. |

Doc. Ent. 21 at 6-8. Thus, plaintiff takes issue with fifteen (15) of defendant City of Detroit's July 23, 2012 answers.

---

[4]The answer to Request No. 30 states: "Policies and procedures of the [DPD] are contained in the Detroit Police Manual and may be viewed at counsel's office upon proper notice. A copy of the Detroit Police Manual is available for review at the Detroit Municipal Library in the Coleman Young Municipal Center or Plaintiff may obtain a copy of the manual by paying the appropriate copying fee and defense counsel will have it duplicated." Doc. Ent. 21-1 at 12.

**2.     Significant developments postdate the pending August 3, 2012 motion.**

The Court conducted a status conference on August 7, 2012. The following day, on August 8, 2012, Judge Cox entered an order (Doc. Ent. 22) which required defendants, as agreed to by defense counsel, to produce Officer Brian (Bryan) Bush for deposition no later than Friday, August 31, 2012.

Then, on August 15, 2012, Judge Cox entered an order (Doc. Ent. 24) granting plaintiff's motion to file 1st amended complaint (Doc. Ent. 13), to which was attached a proposed first amended complaint (Doc. Ent. 13-1), and granting plaintiff's motion to extend deadline for amending complaint (Doc. Ent. 14). This order provided that plaintiff was to file his first amended complaint within seven (7) days of the date of the order and to file any subsequent amended complaint no later than September 14, 2012. Doc. Ent. 24 at 1-3.

On September 14, 2012, plaintiff filed a second amended complaint, naming the City of Detroit and Bryan Bush as defendants. Doc. Ent. 27. The sole cause of action is based upon 42 U.S.C. § 1983. Doc. Ent. 27 ¶¶ 25-30.

**3.     The Federal Rules of Civil Procedure permit the Court to sanction a party for its failure to cooperate in discovery.**

The instant motion is based upon Fed. R. Civ. P. 37 ("Failure to Make Disclosures or to Cooperate in Discovery; Sanctions"). *See* Doc. Ent. 21 at 9. Fed. R. Civ. P. 37(b) concerns the failure to comply with a Court order. With respect to not obeying a discovery order, the rule provides:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a ***default judgment*** against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added). With respect to not producing a person for examination, the rule provides:

> If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

Fed. R. Civ. P. 37(b)(2)(B). Furthermore, with respect to the payment of expenses, the rule provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

**4.      Plaintiff's August 3, 2012 motion (Doc. Ent. 21) is unopposed.**

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). "A response to a nondispositive motion

7

must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B). "A response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B).

Therefore, even interpreting plaintiff's August 3, 2012 motion (Doc. Ent. 21) as dispositive, any response by defendant(s) was due on or about August 27, 2012. *See* Fed. R. Civ. P. 6(a), Fed. R. Civ. P. 6(d). To date, no response has been filed by defendant(s). Thus, plaintiff's August 3, 2012 motion (Doc Ent. 21) is unopposed.

**5.     The Court should grant plaintiff's August 3, 2012 motion (Doc. Ent. 21), enter a default as to liability against the City of Detroit as a sanction for its failure to cooperate in discovery pursuant to Fed. R. Civ. P. 37(b)(2)(A), and set the case for hearing as to damages.**

Defendant is represented by attorney Marion R. Jenkins of the City of Detroit Law Department. *See* www.michbar.org, "Member Directory;" Doc. Ent. 5 (Feb. 25, 2012 Answer to Complaint by City of Detroit). Yet, the City of Detroit failed to file a timely response to either plaintiff's May 18, 2012 motion to compel (Doc. Ent. 9) or plaintiff's instant August 3, 2012 motion (Doc. Ent. 21).

In fact, the only matters defendant has filed in this case are **(1)** its February 25, 2012 answer (Doc. Ent. 5) to plaintiff's February 9, 2012 original complaint (Doc. Ent. 1), **(2)** its July 24, 2012 response (Doc. Ent. 17) to plaintiff's June 20, 2012 motion to amend complaint (Doc. Ent. 13) and **(3)** its July 24, 2012 response (Doc. Ent. 18) to plaintiff's June 20, 2012 motion to extend deadline or to enter default (Doc. Ent. 14).

To be sure, defendant City of Detroit's July 24, 2012 responses (Doc. Entries 17 and 18) post-date defendant City of Detroit's July 23, 2012 answers to plaintiff's first discovery requests

(Doc. Ent. 21-1 at 1-39) and explain the delayed discovery responses,[5] as well as explain why Bush did not appear for his deposition.[6] Also, since plaintiff's August 3, 2012 filing of the instant motion (Doc. Ent. 21), the Court conducted an August 7, 2012 status conference and entered its August 8, 2012 order requiring defendant to produce Bush for deposition no later than August 31, 2012 (Doc. Ent. 22); the Court entered its August 15, 2012 order (Doc. Ent. 24) regarding amending the complaint; and plaintiff filed his September 14, 2012 second amended complaint (Doc. Ent. 27) which adds Bush as a defendant.

Still, the Court is left without a response by defendant to plaintiff's August 3, 2012 challenges regarding the adequacy of defendant's July 23, 2012 answers. In other words, defendant's July 24, 2012 responses (Doc. Entries 17 and 18), which each assert that plaintiff has been provided with the requested discovery (Doc. Ent. 17 ¶ 2, Doc. Ent. 18 ¶ 2) and one of which asserts that "[p]laintiff has received the discovery material[,]" (Doc. Ent. 18 ¶ 6), do not operate to address the alleged shortcomings of the July 23, 2012 answers (Doc. Ent. 21-1), as set

---

[5]In each response, defendant contends that "[d]iscovery responses were delayed because of an unintentional office snafu and Plaintiff's failure to properly file his discovery requests." Doc. Ent. 17 ¶ 6, Doc. Ent. 18 ¶ 6. The latter response goes on to explain that "[a]ny unintentional oversight by the Defendant has been corrected and Plaintiff has received the discovery material." Doc. Ent. 18 ¶ 6.

Defendant also argues that "[t]he [June 20, 2012 (Doc. Ent. 14)] request for default should be denied for the reason that Defendant has provided discovery and has not engaged in any conduct that would justify such a harsh sanction." Doc. Ent. 18 at 3.

[6]In each response, defendant "admits only that Plaintiff noticed the deposition of Officer Bush in a state court case. There was no deposition notice for the case filed in U.S. District Court." Doc. Ent. 17 ¶ 7, Doc. Ent. 18 ¶ 7. Also in each response, defendant asserts: "Officer Bush did not appear for deposition for the following reasons: a. The deposition was not properly noticed for this Court. b. The arbitrarily selected deposition date was a date that defense counsel was not in the office. c. The deposition notice was received after the arbitrarily selected deposition date had p[a]ssed." Doc. Ent. 17 ¶ 8, Doc. Ent. 18 ¶ 8.

forth in plaintiff's instant August 3, 2012 motion (Doc. Ent. 21).

In light of plaintiff's May 18, 2012 motion to compel (Doc. Ent. 9); defendant City of Detroit's failure to file a response to either that motion or the instant motion (Doc. Ent. 21); the Court's orders regarding answers to plaintiff's first discovery requests (Doc. Entries 7 and 15); and plaintiff's unrebutted challenges to the adequacy of defendant City of Detroit's July 23, 2012 answers (Doc. Ent. 21-1) to plaintiff's first discovery requests, the Court should grant plaintiff's August 3, 2012 motion (Doc. Ent. 21). Specifically, the Court should enter a default as to liability against the City of Detroit as a sanction for its failure to cooperate in discovery, *see* Fed. R. Civ. P. 37(b)(2)(A), and set the case for hearing as to damages.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                           s/Paul J. Komives  
                                                           PAUL J. KOMIVES  
                                                           UNITED STATES MAGISTRATE JUDGE

Dated: 9/24/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on September 24, 2012.
>
>                                         s/Eddrey Butts  
>                                         Case Manager