UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nathaniel James,

    Plaintiff,

v.	Case No. 12-10569

City of Detroit and Bryan Bush,	Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER
ADOPTING SEPTEMBER 24, 2012 R&R,
ENTERING A DEFAULT AGAINST THE CITY OF DETROIT, AND
NOTICING STATUS CONFERENCE**

This § 1983 action is currently before the Court on the City of Detroit's objections to Magistrate Judge Komives's September 24, 2012 Report and Recommendation ("R&R"), wherein he recommends that the Court grant Plaintiff's unopposed August 2, 2012 Motion for Default, enter a default against the City of Detroit for its failure to cooperate in discovery, and set a hearing to determine damages.  For the reasons below, the Court concludes that the City of Detroit's objections to Magistrate Judge Komives's R&R are without merit.  The Court shall accept and adopt the R&R and shall enter a default against the City of Detroit as to liability, as a sanction for its repeated failure to cooperate during discovery.  The Court shall hold a Status Conference with the parties on February 25, 2013, to discuss further proceedings in this matter.

**BACKGROUND**

Plaintiff Nathaniel James filed this §1983 action on February 9, 2012, naming the City of

Detroit as a Defendant. The body of the complaint alleged than an officer with the last name of Bush and an unidentified "John Doe" were the officers involved in the underlying incident. Soon after filing the action, Plaintiff's Counsel served discovery requests on the City of Detroit.

On April 30, 2012, Plaintiff and the City of Detroit submitted a Stipulation and Order providing that the City would provide the requested discovery no later than May 16, 2012. (Docket Entry No. 7).

This Court issued a Scheduling Order in this matter on May 7, 2012, that provides, among other things, that any amendments to the complaint must be made before June 29, 2012. (Docket Entry No. 8).

On June 20, 2012, Plaintiff filed a Motion to Amend (Docket Entry No. 13) that sought leave to file an amended complaint that includes Officer B. Bush as a Defendant. On that same date, June 20, 2012, Plaintiff also filed a "Motion to Extend Deadline **or to Enter Default**" (Docket Entry No. 14) (emphasis added), wherein Plaintiff asserted that the City of Detroit had failed to provide discovery and failed to produce Officer B. Bush for deposition. Plaintiff further asserted that he cannot file an amended complaint identifying the other defendants in this action until he receives the requested discovery from the City of Detroit. Plaintiff asked that the Court to extend the deadline for filing an amended complaint "**or, in the alternative, enter default against Defendant City of Detroit for its failure to provided needed discovery despite court orders**." (*Id*. at 3). (emphasis added).

On June 25, 2012, Magistrate Judge Paul Komives issued an order granting a Motion to Compel Discovery filed by Plaintiff, after the City of Detroit failed to respond to that motion. (Docket Entry No. 15). That order also warned of sanctions for continued failure to comply.

Under the applicable Court rules, the City's response to Plaintiff's Motion to Amend was due on July 4, 2012. Because Plaintiff's Motion to Amend or Enter Default sought entry of a default, and was therefore a dispositive motion, the City's response to that motion was due on July 11, 2012. As of July 12, 2012, however, the City of Detroit had not responded to either Plaintiff's June 20th Motion to Amend or his June 20th Motion to Extend Deadline or Enter Default.

Concerned with the manner in which the City of Detroit was proceeding in this case, this Court issued a "Notice of Mandatory Status Conference" in this matter. (Docket Entry No. 16). That notice set forth the history of the pending motions and the City's failure to respond to pending motions in this matter. The Order required the parties to appear for a Mandatory Status Conference on July 26, 2012. The Order further provided:

> **IT IS FURTHER ORDERED that, in addition to counsel of record in this matter, this Notice shall be served on Corporation Counsel Krystal Crittendon.**

(*Id*. at 2) (bolding in original).[1] This Court's docket manager served a copy of the Notice upon Ms. Crittendon by regular mail.

That Order apparently prompted Counsel for the City to file responses to Plaintiff's Motion to Amend, and Plaintiff's Motion to Extend or Enter Default, on July 24, 2012. (Docket Entry Nos. 17 & 18).

On August 1, 2012, the Mandatory Status Conference was reset for August 7, 2012. (Docket Entry Nos. 20).

---

[1]This Court has used this approach – giving Corporation Counsel notice when a case appears to be proceeding toward entry of a default against the City – in several cases. (*See, e.g.* Docket Entry No. 40 in Case No. 08-14339 and Docket Entry No. 85 in Case No. 07-13951).

On August 3, 2012, Plaintiff filed a "Motion for Default" (Docket Entry No. 21), asking this Court to sanction Defendants for their failure to provide discovery by entering a default against Defendants.  That motion, like other discovery motions in this case, was referred to Magistrate Judge Komives.  (Docket Entry No. 23).

This Court held the mandatory status conference in this matter.  At that conference, Defense Counsel agreed, on the record, to produce Office Brian Bush for deposition no later than Friday, August 31, 2012.  (Docket Entry No. 22).

On August 15, 2012, this Court issued an Order that granted Plaintiff's motion seeking to file an Amended Complaint.  Because Plaintiff contended that he needed to depose Officer Bush before he could file an amended complaint that names the "John Doe" Defendants, the Court also ordered that Plaintiff could file any subsequent amended complaint no later than September 14, 2012.  (Docket Entry No. 24).

Magistrate Judge Komives was scheduled to hold oral argument on Plaintiff's Motion for Default on September 28, 2012. **As of September 24, 2012, however, the City of Detroit had not filed any brief in opposition to Plaintiff's Motion for Default**.  Thus, on September 24, 2012, Magistrate Judge Komives cancelled oral argument and issued his Report and Recommendation ("R&R") on Plaintiff's Motion for Default.  (Docket Entry No. 28).  The R&R recommends that the Court grant Plaintiff's August 3, 2012 motion, "enter a default as to liability against the City of Detroit as a sanction for its failure to cooperate in discovery pursuant to Fed. R. Civ. P. 37(b)(2)(A), and set the case for hearing as to damages."  (R&R at 1).

On October 8, 2012 – after Magistrate Judge Komives had already issued his R&R ruling upon Plaintiff's Motion for Default, Defense Counsel filed a "response" to that motion.  (Docket

Entry No. 32).

On that same date, October 8, 2012, Defense Counsel also filed a motion seeking an extension until October 10, 2012, for filing objections to Magistrate Judge Komives's September 24, 2012 R&R. This Court granted that request. (Docket Entry No. 35).

On October 10, 2012, the City of Detroit filed "Objections to Report and Recommendation." (Docket Entry No. 37). The City objects to the R&R, asserting that the "magistrate is in error when he concludes that Defendant, City of Detroit, failed to cooperate in discovery." (Def.'s Objs. at 3). Defense Counsel then seeks to raise arguments regarding various discovery requests. The City also asserts that "[t]he magistrate list [sic] failure to respond to Plaintiff's motion (Docket No. 21) as a reason for his recommendation" and then asserts that "Defendant did file a response to that motion and, more importantly, provided Plaintiff's discovery material before any motion hearing." (Def.'s Objs. at 3). The City's Objections do not direct the Court to any response to Plaintiff's Motion for Default that was filed prior to September 24, 2012. The docket reflects that the City did not file any submission of any kind in this case between the filing of Plaintiff's Motion for Default on August 3, 2012, and the issuance of the R&R on September 24, 2012. Thus, the only "response" that the City filed to Plaintiff's Motion for Default was filed on October 8, 2012 – well beyond the due date for a response and **after** Magistrate Judge Komives had issued his R&R.

On October 10, 2012, the City also filed a "response" to Plaintiff's Motion to Compel Discovery (Docket Entry No. 9), which was filed back on May 18, 2012. (Docket Entry No. 36). Magistrate Judge Komives granted that motion back on June 25, 2012 (Docket Entry No. 15) and Defendants did not challenge that order within the time permitted for doing so.

Plaintiff filed a brief addressing the City's Objections to the R&R (Docket Entry No. 38), noting that "Defendant never responded in any way to Plaintiff's Motion until after the Magistrate issued his order." (*Id.* at 6). Plaintiff further states "that even to this very day, Defendant has made no attempt to provide full and complete answers to Plaintiff's First Discovery [requests] – and now we're nearly three months after Plaintiff initially filed his motion. (*Id.* at 3). Plaintiff asks the Court to adopt the magistrate judge's R&R, enter a default, and schedule a hearing to determine damages.

**Standard of Decision**

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

### ANALYSIS

In objecting to the R&R, the City of Detroit raises two objections. As explained below, the Court concludes that both are without merit.

First, the City asserts that "[t]he magistrate list [sic] failure to respond to Plaintiff's motion (Docket No. 21) as a reason for his recommendation" and then asserts that "Defendant did file a response to that motion." (Def.'s. Objs. at 3).

The record clearly reflects that the City of Detroit did not file any response to Plaintiff's August 3, 2012, Motion for Default before Magistrate Judge Komives issued his R&R on September 24, 2012. Thus, Magistrate Judge Komives did not err in relying, in part, on the fact

that the City of Detroit failed to file any response in opposition to Plaintiff's Motion for Default.

Second, the City asserts that the "magistrate is in error when he concludes that Defendant, City of Detroit, failed to cooperate in discovery." (Def.'s Objs. at 3). Defense Counsel then seeks to raise arguments regarding various discovery requests. But the time for raising such arguments was in response to Plaintiff's motions to compel and in response to Plaintiff's Motion for Default. It is fundamentally unfair to require Plaintiff follow the proper procedures in attempting to obtain discovery from Defendants, and have the assigned Magistrate Judge consider and rule upon properly-supported motions filed by Plaintiff, only to allow the City to file untimely submissions stating its position on the issues after they have already been ruled upon.

The Court agrees that, based on the City of Detroit's egregious conduct in this case, the Court should enter a default as to liability against the City of Detroit in this matter, as a sanction for its repeated failure to cooperate in discovery.

When deciding whether to impose the sanction of entering a default against a defendant, the Court considers: 1) evidence of willfulness or bad faith; 2) prejudice to the adversary; 3) whether the violating party had notice of the potential sanction; and 4) whether less drastic sanctions have been imposed or ordered. *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005). These factors weigh in favor of entering a default against the City of Detroit.

The Court finds that there is evidence of willfulness and bad faith. The City had the ability to comply with Plaintiff's requests for discovery, and the Court's orders, but it repeatedly chose not to do so without good reason and without justification. The City also inexplicably chose to disregard properly-filed motions to compel and motions seeking the entry of a default

against the City for its repeated failures to cooperate in discovery.

The City's conduct has no doubt prejudiced Plaintiff, who without the requested discovery, could not proceed with his claims or even determine the identity of the "John Doe" Defendant so that he could include him in his amended complaint. Moreover, the Court finds that the delay caused by the City's deliberate conduct is very likely to result in the loss of important evidence.

And the City certainly had notice of the potential sanction, as Plaintiff's June 20, 2012, motion had expressly requested that the Court enter a default against the City. Thus, Plaintiff's August 3, 2012, motion was the **second** motion seeking the sanction of a default being entered against the City for its repeated discovery failures. Nevertheless, the City inexplicably chose not to even respond to that motion. And this is **after** this Court took the rather unusual step of issuing an order setting forth the City of Detroit's failures to respond to motions in this action, and serving it upon the City of Detroit's Corporation Counsel. Given all of this, a lesser sanction would not be fair or appropriate.

This is an unfortunate situation. Just a few months ago, this Court awarded Plaintiffs in another case a significant award following the entry of a default against the City. (*See* Case No. 10-12878). Although this Court took the rather extraordinary measure of providing Corporation Counsel with written notice that this case was proceeding in that same direction, nothing was done to change that course. Now the City of Detroit finds itself in the very same situation again (i.e., entry of a default as to liability and a hearing to determine the amount of damages).

## CONCLUSION & ORDER

The Court hereby ORDERS that the City of Detroit's Objections to the September 24, 2012 R&R are OVERRULED.

IT IS FURTHER ORDERED that the Court ACCEPTS AND ADOPTS the September 24, 2012 R&R and ENTERS A DEFAULT as to liability against the City of Detroit as a sanction for its failure to cooperation in discovery pursuant to Fed. R. Civ. P. 37(b)(2)(A).

IT IS FURTHER ORDERED that the parties shall appear for a Status Conference on **February 25, 2013, at 2:00 p.m.,** to discuss further proceedings in this matter.

          S/Sean F. Cox
          Sean F. Cox
          United States District Judge

Dated: February 8, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 8, 2013, by electronic and/or ordinary mail.

          S/Jennifer McCoy
          Case Manager